UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NIZAMETTIN GOKDOGAN,
ABDULLAH KEKLIKCI and
HAYDAR MAVRUK,                                    **REPORT AND RECOMMENDATION**

                     Plaintiffs,          20-CV-05201 (MKB) (ST)

      v.

SLAP SHOT PIZZA ENTERPRISES, LTD.,
DPH ENTERPRISES, LTD.,
HAMPTON BAYS DPZ LLC,
W&N ENTERPRISES LTD., and
CHRISTOPHER HANLEY,

                     Defendants.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

       On October 28, 2020, Plaintiffs Nizamettin Gokdogan ("Gokdogan"), Abdullah Keklikci

("Keklikci") and Haydar Mavruk ("Mavruk") (collectively, "Plaintiffs") commenced this action

against Defendants Slap Shot Pizza Enterprises Ltd. ("Slap Shot"), Christopher Hanley

("Hanley"), DPH Enterprises, Ltd. ("DPH"), W&N Enterprises Ltd. ("W&N"), and Hampton

Bays DPZ LLC ("DPZ") (collectively, "Defendants").

       As relevant here, Mavruk seeks relief for DPZ's alleged violations of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and the New York State

Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.* ("NYSHRL") when Mavruk was an

employee at a restaurant owned by DPZ.  On February 15, 2021, DPZ filed this Motion to

Dismiss or Sever (the "Motion") Mavruk's claims against it, asserting that Mavruk did not

exhaust his administrative remedies before filing suit, but that if he did, the claims against DPZ

must be severed.  The Honorable Sandra J. Feuerstein referred DPZ's Motion to the undersigned to issue a Report and Recommendation.[1]

For the reasons set forth below, this Court respectfully recommends that DPZ's Motion to Dismiss be GRANTED.

## I.   BACKGROUND

### a.   Factual Background

Unless otherwise indicated, all statements in this section are based on allegations in the Complaint.  DPZ was and is a domestic business corporation duly authorized to conduct business in the State of New York.  Compl. ¶ 32, ECF No. 1.  DPZ operates a pizza restaurant d/b/a Domino's Pizza, located at 260 W Montauk Hwy, Hampton Bays, New York 11946 ("Domino's Pizza 260").  *Id.* ¶ 34.  Throughout Mavruk's employment with Slap Shot, DPH, DPZ, and W&N, he was continually discriminated against on the basis of his Turkish national origin, color, race, and Islamic religion.  *See generally id.*

At Slap Shot, Mavruk, Gokdogan, and Keklikci were treated less favorably than similarly situated Hispanic employees by their managers, Paul and Luther Cabrera, who were also Hispanic.  *Id.* ¶¶ 74-75.  For example, Hispanic employees were given multiple or large deliveries, while Turkish employees were given single or small deliveries, earning less tip money.  *Id.* ¶ 76.  Turkish employees were also ordered to do non-tipped work like cleaning the bathrooms and were not given winter coats when Hispanic employees were.  *Id.* ¶¶ 77-78.  At Slap Shot, Mavruk's hours were cut from forty to eight hours per week, while Slap Shot hired new Hispanic employees.  *Id.* ¶ 82.  Mavruk was the subject of vulgar language referencing his

---

[1] Pursuant to Administrative Order No. 2021-08, this case was reassigned to Chief Judge Margo K. Brodie on June 14, 2021.  *See* Notice regarding Administrative Order No. 2021-08, ECF No. 20.

Turkish nationality. *Id.* ¶¶ 87-89. During the month of Ramadan, after fasting all day, Plaintiffs were denied the religious accommodation of a small break after sunset. *Id.* ¶¶ 98-99. Plaintiffs were also taunted with pork, because touching it would violate their religious beliefs. *Id.* ¶ 101.

Hanley owns equity in Slap Shot, DPH, and W&N. *Id.* ¶¶ 22, 30, 44. He exercised control over the terms and conditions of Plaintiffs' employment, and functional control over business and financial operations. *Id.* ¶¶ 46, 48. Hanley also had the authority to hire and fire employees. *Id.* ¶ 51. When made aware of management's discriminatory behavior toward Plaintiffs, Hanley stated, "Don't worry! They are just joking!" *Id.* ¶ 144.

In or around May 2019, as retaliation against Mavruk for Plaintiffs' complaints to management about Hispanic employees receiving favorable treatment, Hanley transferred Mavruk to Domino's Pizza 260. *Id.* ¶ 121. Compared to his 12 years employed by Slap Shot, Mavruk was only employed at Domino's Pizza 260 for six months. *See id.* ¶ 57; Opp. at 9. From May to July 2019, Domino's Pizza 260 was owned by, and Mavruk was paid by, DPH. *See* Compl. ¶ 149. From July 2019 to November 2019, Domino's Pizza 260 was owned by, and Mavruk was paid by, DPZ. *Id.* ¶ 150. Throughout the duration of his employment at Domino's Pizza 260, Mavruk was to report to Carlos and Fred, who are both Hispanic. *Id.* ¶¶ 151, 153. On a regular basis, Carlos and Fred made derogatory comments toward Mavruk, while treating Hispanic employees with courtesy and respect. *Id.* ¶¶ 155-156. Mavruk requested a religious accommodation, and Carlos and Fred told him to "worship before [he] come[s] in to work." *Id.* ¶ 157-158. Then, in December 2019, Carlos fired Mavruk because business was slow, even though Mavruk had been regularly performing 20-25 deliveries which was normally considered to be busy. *Id.* ¶ 159. None of the Hispanic employees were fired. *Id.*

3

Again, Mavruk complained about management's discriminatory practices and was transferred to work at W&N, where he continued to be discriminated against on the basis of his Turkish national origin and Islamic religion.[2]  *Id.* ¶ 160.

On or about May 20, 2020, Mavruk filed a charge of discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"), alleging that Slap Shot, DPH, "Domino's Pizza, located at 260 W Montauk Hwy Hampton Bays, NY 11946," and W&N subjected him to discrimination and retaliation based on his race, color, religion, and national origin.  *See* Pl. Mavruk's Charge of Discrimination ("Charge"), Ex. A, ECF No. 19-6.  On or about September 16, 2020, Mavruk obtained four Right-to-Sue Letters from the EEOC.  *See* Right-to-Sue Letters at 6-17, ECF No. 19-3.

### b.  Procedural Posture

Plaintiffs commenced this action on October 28, 2020.  *See generally* Compl.  In the Complaint, Plaintiffs allege that while they were employed at Slap Shot, and therefore by Hanley, they were subjected to discrimination, retaliation, and a hostile work environment based on their Turkish national origin, color, race, and Islamic religion, in violation of Title VII and the NYSHRL.  *Id.*  Mavruk alleges the same against DPH, DPZ, and W&N.  *Id.*

Slap Shot, Hanley, DPH, and W&N filed their Answer to the Complaint on January 11, 2021.  *See* Answer, ECF. No. 15.  On January 26, 2021, in lieu of an answer, DPZ filed a Motion to Dismiss.  *See* Mot. to Dismiss, ECF. No. 16.  The Motion to Dismiss was denied without prejudice to be refiled in compliance with the Honorable Sandra J. Feuerstein's individual rules.  Order, No. 20-CV-5201 (E.D.N.Y. Jan. 26, 2021).  On February 15, 2021, DPZ refiled its

---

[2] It is not clear to the Court from the filings what Mavruk's employment status was during this period as he notes he was fired, but immediately thereafter says that he was transferred.  *See* Compl. ¶¶ 159-160.

4

Motion, along with Mavruk's opposition and their Reply, in accordance with Judge Feuerstein's individual rules. *See* First Mot. to Dismiss, ECF No. 19; Mem. Supp. Mot. Dismiss ("Mot."), ECF No. 19-2; Mem. Opp. Mot. Dismiss ("Opp."), ECF No. 19-6; Reply Supp. Mot. Dismiss ("Reply"), ECF No. 19-8. The next day, Judge Feuerstein referred the Motion to me for a Report and Recommendation. Order, No. 20-CV-5201 (E.D.N.Y. Feb. 16, 2021).

## II.    RULE 12(B)(1) MOTION

Pursuant to Rule 12(b)(1), DPZ moves to dismiss Mavruk's Title VII claims for lack of subject matter jurisdiction on the grounds that Mavruk failed to exhaust his administrative remedies with respect to his discrimination claims. *See generally* Mot. DPZ, however, mischaracterizes Title VII's statutory exhaustion requirement as a jurisdictional prerequisite and therefore erroneously invokes Rule 12(b)(1). *See Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 593 (E.D.N.Y. 2013). The Second Circuit has clarified "that presentation of a Title VII claim to the EEOC 'is not a jurisdictional [prerequisite], but only a precondition to bringing a Title VII action.'" *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (alteration in original) (quoting *Pietras v. Bd. of Fire Comm'rs*, 180 F.3d 468, 474 (2d Cir. 1999)); see also *Cobb v. XSPORT Fitness, Inc.*, No. 09-CV-3553, 2010 WL 1741370, at *4 (E.D.N.Y. Apr. 28, 2010) ("[E]xhaustion is . . . not a jurisdictional bar to suit."); *O'Neal v. State Univ. of N.Y., Health Sci. Ctr. Brooklyn*, No. 01-CV-7802, 2003 WL 1524664, at *4 (E.D.N.Y. Mar. 24, 2003) ("[T]he district court's subject matter jurisdiction does not depend on the exhaustion of administrative remedies."). As such, DPZ's motion to dismiss Mavruk's Title VII claims for failure to exhaust his administrative remedies "is more properly brought under Rule 12(b)(6)," rather than Rule 12(b)(1). *See Jordan*, 928 F. Supp. 2d at 593; *Keller v. Star Nissan, Inc.*, No. 07-CV-4551, 2009 WL 4281038, at *2 (E.D.N.Y. Nov. 30, 2009) (citing *O'Neal*, 2003

WL 1524664, at *4-5); *see also Hamzik v. Office for People with Developmental Disabilities*, 859 F. Supp. 2d 265, 276 n.9 (N.D.N.Y. 2012) ("[T]his [exhaustion] argument is properly raised as a failure to state a claim under Rule 12(b)(6) rather than as a lack of subject matter jurisdiction under Rule 12(b)(1)."). Accordingly, the court denies DPZ's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and instead construes defendant's administrative exhaustion defense under Rule 12(b)(6), as discussed below. *See Jordan*, 928 F. Supp. 2d at 594.

The failure to exhaust administrative remedies is an affirmative defense, for which defendant bears the burden of proof. *Brioch v. Inc. Vill. Of Southampton*, 650 F. Supp. 2d 234, 246 (E.D.N.Y. 2009). "An 'affirmative defense is normally asserted in an answer,' but it may be raised on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) where 'the complaint itself establish[es] the circumstances required as a predicate to a finding' that the affirmative defense applies." *Jordan*, 928 F. Supp. 2d at 594 n. 5; *In re Sept. 11 Prop. Damage & Bus. Loss Litig.*, 481 F. Supp. 2d 253, 258 (S.D.N.Y. 2007) (alteration in original) (quoting *McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir. 2004)); *see also McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003) ("If nonexhaustion is clear from the face of the complaint (and incorporated documents), a motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted."). For the reasons articulated below, the court respectfully recommends a finding that Mavruk failed to exhaust his administrative remedies with respect to his Title VII discrimination claims, which is clear from the face of the Complaint and documents within the purview of judicial notice. *Jordan*, 928 F. Supp. 2d at 594 n. 5; *see generally* Compl.; Mot. Thus, DPZ may properly exert its exhaustion defense in its pre-answer motion to dismiss under Rule 12(b)(6). *Jordan*, 928 F. Supp. 2d at 594 n. 5.

### III.    LEGAL STANDARD FOR RULE 12(B)(6)

To survive a Rule 12(b)(6) motion to dismiss, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although the court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007), plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Indeed, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (alterations in original) (internal quotation marks omitted).

Additionally, in deciding a motion pursuant to Rule 12(b)(6), the Court must limit itself to the facts alleged in the pleading, which are accepted as true; to matters of which judicial notice may be taken, such as publicly available agency documents, *see, e.g. In re Frito-Lay N. Am., Inc. All Natural Litig.*, No. 12-MD-2413, 2013 WL 4647512, at *4 (E.D.N.Y. Aug. 29, 2013) (citing cases); to any written instrument attached to the pleading as an exhibit pursuant to Rule 10(c) of the Federal Rules of Civil Procedure; to statements or documents incorporated by reference in the pleadings; or to documents upon the terms and effect of which the pleading "relies heavily" and which are, thus, rendered "integral" thereto.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *Sutter v. DiBello*, No. 18-CV-817, 2021 WL 930459, at *59 (E.D.N.Y. Mar. 10, 2021); *see also Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230-31 (2d Cir. 2016); *Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015).  "Courts in this Circuit have repeatedly held

that when EEOC charges are expressly referred to in the pleading, they may be considered

incorporated by reference, and thus may be considered when deciding a motion to dismiss."

*Sutter*, 2021 WL 930459, at *59 (quoting *Murtha v. New York State Gaming Comm'n*, No. 17-

CV-10040, 2019 WL 4450687, at *15 (S.D.N.Y. Sept. 17, 2019) (citing cases)). "Moreover, a

Court may take judicial notice of EEOC charges, including notices of charge and right-to-sue

notices, because they are public records." *Id.*; *Murtha*, 2019 WL 4450687, at *15; *accord*

*Falcon v. City Univ. of N.Y.*, 263 F. Supp. 3d 416, 424 (E.D.N.Y. 2017).

IV.    **DISCUSSION**

    **a.  Exhaustion of Administrative Remedies**

    DPZ alleges that Mavruk failed to exhaust his administrative remedies under Title VII

because he did not name DPZ in the EEOC Charge, and that they did not receive the Charge or a

right-to-sue letter.  *See* Mot. at 6-7.  In response, Mavruk contends that he identified "Domino's

Pizza, located at 260 West Montauk Highway, Hampton Bays, New York 11946," and thus DPZ,

in his Charge as a respondent, and that Right-to-Sue Letter No. 520-2020-05313 pertains to DPZ.

*See* Opp. at 11; Right-to-Sue Letters at 6-17.

    As previously noted, DPZ's administrative exhaustion defense to Mavruk's Title VII

claims is properly construed under 12(b)(6).  *See Jordan*, 928 F. Supp. 2d at 601.  It is well

settled that "[b]efore bringing a Title VII claim in the district court, an aggrieved employee is

required to exhaust his administrative remedies."  *Id.*; *Fernandez v. Chertoff*, 471 F.3d 45, 54 (2d

Cir. 2006).  A "plaintiff's Title VII claims against a defendant who is not named as a respondent

in an EEOC charge or the right-to-sue letter in connection with the complaint will be dismissed."

*Gerald v. DCV Holdings, Inc.*, 17-CV-6525, 2021 WL 2809915, at *3 (E.D.N.Y. July 6, 2021)

(quoting *Manos v. Geissler*, 377 F. Supp. 2d 422, 426 (S.D.N.Y. 2005).

Here, Mavruk failed to name DPZ in the Charge.  *Id.*  Mavruk's EEOC Charge named "DPH Enterprises LTD d/b/a Domino's Pizza," "W&N Enterprises LTD d/b/a Domino's Pizza," "Slapshot Pizza Enterprise Ltd d/b/a Domino's Pizza," and "Domino's Pizza, located at 260 W Montauk Hwy Hampton Bays, NY 11946" as respondents.  Charge at 21.  Hampton Bays DPZ LLC and DPZ were not listed as respondents or mentioned anywhere else in the Charge.  *Id.* at 21-22; Reply at 6; *see Gerald*, 2021 WL 2809915, at *3; *Jordan*, 928 F. Supp. 2d at 601.

Although the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint" when considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678), the court need not do so in the face of contrary documentation representing plaintiff's own claims, signed and dated by plaintiff, *see, e.g., Fowlkes v. Rodriguez*, 584 F. Supp. 2d 561, 574 (E.D.N.Y. 2008) ("Although the court typically accepts plaintiff's allegations as true for purposes of a motion to dismiss, the court is permitted to consider and take judicial notice of certain documents, such as matters of public record, and reject the truthfulness of those allegations that are contradicted by the documents."); *In re Bausch & Lomb, Inc. Sec. Litig.*, 592 F. Supp. 2d 323, 350 n. 30 (W.D.N.Y. 2008) ("It is well established that a Court need not accept as true any allegations that are contradicted by documents deemed to be part of the complaint, or materials amenable to judicial notice." (internal quotation makes omitted)); *In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 555 (S.D.N.Y. 2004) ("The court need not accept as true an allegation that is contradicted by documents on which the complaint relies.").

In the "particulars" section of the Charge, which was signed by Mavruk, he outlines his allegations against the various respondents, but makes no mention of any events occurring at

Domino's Pizza 260.  Charge at 21-22.  He also never mentions DPZ.  *Id.*  In contrast, Mavruk

states in the Charge that "[i]n or around 2007 [he] commenced [his] employment with Slapshot

Pizza Enterprise Ltd."  *Id*.  He then describes various allegations against Slap Shot, such as how

Turkish employees were replaced with Hispanic ones, how his hours were reduced, how he was

assigned materially worse duties, and how Paul and Luther Cabrera called him various

profanities.  *Id.*  These allegations match his allegations against Slap Shot in the Complaint.  *Id.*;

Compl. ¶¶ 74-77, 82, 87-89.  Since the Court need not accept as true any allegations that are

contradicted by the Charge, and the Charge does not contain any allegations pertaining to DPZ or

the Domino's Pizza, located at 260 W Montauk Hwy Hampton Bays, NY 11946, I respectfully

recommend that Mavruk's claims against DPZ be dismissed for failure to exhaust administrative

remedies.  *See Fowlkes*, 584 F. Supp. 2d at 574; *Murtha*, 2019 WL 4450687, at *15; *Falcon*, 263

F. Supp. 3d at 424; *In re Bausch*, 592 F. Supp. 2d at 350 n. 30; *In re Bristol-Myers*, 312 F. Supp.

2d at 555.

### b.  Identity of Interest Test

Not including a defendant in an EEOC charge is not an immediate bar to suit, as there are

some exceptions to this rule.  *Zhao v. State Univ. of N.Y.*, 472 F. Supp. 2d 289, 306 (E.D.N.Y.

2007).  One such exception is the identity of interest exception.  *Id.*  Mavruk does not ask the

Court to apply the identity of interest exception to his failure to exhaust, but for purposes of a

more complete analysis, the Court proceeds.

The identity of interest exception permits Title VII actions to proceed against parties who

were not named in the plaintiff's EEOC charge "where there is a clear identity of interest

between the unnamed defendant and the party named in the administrative charge."  *Johnson v.

Palma*, 931 F.2d 203, 209 (2d Cir. 1991) (citations omitted).  The identity of interest exception

most commonly protects pro se plaintiffs. *Id.*; *see Tarr*, 958 F. Supp. 788, 795 (E.D.N.Y. 1997).

Some courts hold that where a plaintiff was represented by counsel at the time of the EEOC

charge, the failure to include a party categorically prohibits him from lodging a Title VII claim

against the omitted party. *See, e.g., Gagliardi v. Universal Outdoor Holdings, Inc.*, 137 F. Supp.

2d 374, 379 (S.D.N.Y. 2011) (the "identity of interest exception . . . is limited to situations where

a plaintiff was not represented by counsel at the time the EEOC Charge was filed.").  The

limitation to pro se cases rests on dictum from *Johnson*, 931 F.2d at 209 (observing that EEOC

"charges generally are filed by parties not versed in the vagaries of Title VII and its jurisdictional

and pleading requirements"), and other district courts have declined to adopt a blanket limitation.

*See, e.g., Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188, 2020 WL

7388654, at *3 (S.D.N.Y. Dec. 16, 2020); *Williams v. Quebecor World Infiniti Graphics, Inc.*,

No. 03-CV-2200, 2007 WL 926901, at *3 (D. Conn. Mar. 23, 2007).  Plaintiff's legal

representation at the time of EEOC filing is "informative" when considering certain Johnson

factors, but not dispositive.  *Gerald*, 2021 WL 2809915, at *3; *see Senecal v. B.G. Lenders Serv.*

*LLC*, 976 F. Supp. 2d 199, 216 (N.D.N.Y. 2013).  Nevertheless, the identity of interest exception

is of "limited" application.  *Gerald*, 2021 WL 2809915, at *4.

The Second Circuit considers four factors (sometimes referred to as the "*Johnson*"

factors) relevant to whether the identity of interest exception applies in a given case:

> (1) whether the role of the unnamed party could through reasonable effort by the
> complainant be ascertained at the time of the filing of the EEOC complaint; (2)
> whether, under the circumstances, the interests of a named party are so similar as
> the unnamed party's that for the purpose of obtaining voluntary conciliation and
> compliance it would be unnecessary to include the unnamed party in the EEOC
> proceedings; (3) whether its absence from the EEOC proceedings resulted in actual
> prejudice to the interests of the unnamed party; and (4) whether the unnamed party
> has in some way represented to the complainant that its relationship with the
> complainant is to be through the named party.

*Johnson*, 931 F.2d at 209-210.  No one factor is dispositive.  *See Percy v. N.Y. (Hudson Valley DDSO)*, 264 F. Supp. 3d 574, 590 (S.D.N.Y. 2017).

Here, Mavruk was represented by counsel when he filed his EEOC charge.  *See, e.g., Gagliardi*, 137 F. Supp. 2d at 379.  As to the first *Johnson* factor, Mavruk was aware of the identity of DPZ prior to filing the EEOC Charge, because, notably, he conceded that he was paid by DPH from May to July 2019, and then by DPZ from July to November 2019.  Compl. ¶¶ 149-150.

Second, Mavruk has not established that the interests of Slap Shot, DPH, W&N, and DPZ are so similar that it would be unnecessary to include DPZ in the EEOC proceedings.  *See Senecal*, 976 F. Supp. 2d at 223.  Slap Shot, DPH, and W&N are all owned by Hanley, while DPZ is owned by Carlos Gonzalez, who was neither named in the Complaint nor as a respondent in the Charge.  *See* Aff. of Carlos Gonzalez ¶¶ 1, 5, ECF No. 19-4; *see generally* Compl.  DPH and DPZ may have operated out of the same location, but did so at different times, and did not commingle assets.  *See Senecal*, 976 F. Supp. 2d at 223 (finding commingling of funds relevant to identity of interest analysis); *see generally* Compl.

Third, the prejudice factor weighs in favor of DPZ.  Generally, if the unnamed defendant had actual notice of the EEOC charge, then the prejudice factor would weigh in favor of the plaintiff.  *See Tarr*, 958 F. Supp. at 795 ("The third factor subsumes the underlying issue of notice.  Courts have held that a plaintiff's failure to name or include a party in the agency complaint does not prejudice that party where it had notice of the claims against it and the opportunity to intervene") (citation omitted); *see, e.g., Kearney v. Kessler Family LLC*, No. 11-CV-006016, 2011 WL 2693892, at *3-*4 (W.D.N.Y. July 11, 2011); *Manos*, 377 F. Supp. 2d at 427.  Conversely, the prejudice factor will weigh in favor of the unnamed defendant when they

12

did not have an opportunity to be present at the EEOC proceedings. *See Zhao*, 472 F. Supp. 2d at 306; *Parker v. City of New York*, No. 04-CV-2257, 2004 WL 2671634, at *3 (E.D.N.Y. Nov. 18, 2004). DPZ did not have actual notice of the claims against it until the Complaint was filed with this Court. *See* Aff. of Carlos Gonzalez ¶ 8; *Tarr*, 958 F. Supp. at 795. In fact, while the mailing addresses for counsel for Plaintiffs and counsel for Slap Shot, DPH, and W&N were explicitly included on each of the Right-to-Sue letters, neither DPZ's nor its counsel's were. *See* Right-to-Sue Letters at 6-17. Consequently, DPZ was never given an opportunity to be present at any EEOC proceedings. *See* Mot. at 7; *see, e.g., Kearney*, 2011 WL 2693892, at *3-*4; *Manos*, 377 F. Supp. 2d at 427.

The circumstances relevant to the fourth *Johnson* factor are more disputed, and consequently less certain, than the circumstances related to any other portion of the Court's identity of interest analysis. *Senecal*, 976 F. Supp. 2d at 228. This factor does not require an affirmative misrepresentation—passive conduct of failing to disclose the corporate identity of a business will weigh in favor of an identity of interests. *See Cobb*, 2010 WL 1741370 at *6. It is not entirely clear what representations were made to Mavruk about his relationship with DPZ, but Mavruk does not contend that DPZ misled him about which corporate entity was his employer or that it otherwise concealed relevant facts. *See Gerald*, 2021 WL 2809915, at *4; *Senecal*, 976 F. Supp. 2d at 228; *see, e.g.,* Compl. Rather, the facts suggest that Mavruk was aware that he was employed by DPZ since in the Complaint, he states that he was first paid by DPH, and then later by DPZ. *See* Compl. ¶ 149-150. Consequently, the fourth factor weighs in DPZ's favor.

Mavruk had the benefit of counsel in preparing and filing his EEOC Charge, and more importantly, all of the *Johnson* factors favor DPZ, therefore the identity of interest exception is

inapplicable.  Thus, this Court respectfully recommends that Mavruk's claims against DPZ be dismissed for failure to exhaust administrative remedies.  *See Perry v. O'Neil*, 212 F. Supp. 2d 99, 109 (E.D.N.Y. 2002); *Parker*, 2004 WL 2671634, at *3; *Brodie v. N.Y.C. Transit Auth.*, No. 96-CV-6813, 1998 WL 599710, at *4 (S.D.N.Y. Sept. 10, 1998).

## V.    CONCLUSION

For the foregoing reasons, the Court respectfully recommends that DPZ's Motion to Dismiss be GRANTED.

## VI.    OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.  *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

_____/s/_____
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       August 4, 2021

14